IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE WEAVER, | ) | |
| | ) | No. C 04-04067 JW (PR) |
| Plaintiff, | ) | |
| | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| | ) | |
| CAPTAIN D. K. DOWNS, et al., | ) | |
| | ) | |
| Defendant(s). | ) | (Docket No. 4) |
| | ) | |

    Plaintiff, a California state prisoner and frequent litigant in this Court, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He seeks to proceed in forma pauperis under 28 U.S.C. § 1915.

    The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers,

Order of Dismissal
N:\Pro - Se\7.27.2007\04-04067 Weaver4067_3strikes-dismissal.wpd

128 F.3d 1310, 1311-12 (9th Cir. 1997). And as the text of § 1915(g) makes clear, the court may count as strikes dismissals of district court cases as well as dismissals of appeals. See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner does not get three frivolous claims and three frivolous appeals before being barred by § 1915(g)).

Here, plaintiff has had three or more prisoner actions/appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted: (1) Weaver v. Pelican Bay State Prison, No. C 04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) Weaver v. Nimrod, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) Weaver v. Pelican Bay State Prison Mail Room, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); (4) Weaver v. Daniel, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same); and (5) Weaver v. Monterio, et al., No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005) (same). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). He is not.

Because plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, his request to proceed in forma pauperis (Docket No. 4) is DENIED and the instant action is DISMISSED without prejudice to bringing it in a paid complaint.

The clerk shall terminate all pending motions as moot. No fee is due at this time.

DATED:      July 16 2007                         *James Ware*
                                                  JAMES WARE
                                                  United States District Judge

Order of Dismissal
N:\Pro - Se\7.27.2007\04-04067 Weaver4067_3strikes-dismissal.wpd      2